IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALLISON BENNETT**                                                                   **PLAINTIFF**

VS.                                          NO. 4:21CV000943

**BOSTON SCIENTIFIC CORPORATION**                              **DEFENDANT**

## ORDER

Pending is Defendant's motion for summary judgment. (Docket # 48). Plaintiff has filed a response and Defendant has filed a reply. For the reasons set forth herein, the motion is GRANTED.

### Brief Facts

On July 19, 2012, Plaintiff was implanted with Boston Scientific's Solyx single-incision mid-urethral sling system ("Solyx") to treat stress urinary incontinence. On July 6, 2018 Plaintiff saw Dr. Michael Escue complaining of "noticing mesh in her vagina from a bladder surgery" that was "causing pain in the vagina much worse with intercourse." (ECF 48-3, p.5). She told Dr. Escue that "she ha[d] been feeling the mesh for a couple of months." *Id.* Plaintiff also stated that her boyfriend felt the mesh. (ECF 48-2, p. 175). On examination, Dr. Escue felt the mesh in Plaintiff's vagina. (ECF 48-3, p. 5). Based on her symptoms and Dr. Escue's evaluation and findings on July 6, 2018, Plaintiff "understood" that her pain complaints, along with her boyfriend's discomfort during intercourse, were caused by her Solyx mesh. (ECF 50, ¶6, admitted at ECF 75).

On September 11, 2018, Plaintiff returned to Dr. Escue complaining that she was still feeling the exposed mesh. (ECF 48-4, p. 2). Dr. Escue reevaluated Plaintiff and found "exposed mesh" on vaginal exam. *Id.* p. 5. Dr. Escue referred Plaintiff to a urogynecologist.

*Id*. Plaintiff understood the referral to the urogynecologist was to address the complaints caused by the Solyx mesh. (ECF 48-2, p. 178). Plaintiff filed this lawsuit against Boston Scientific on October 18, 2021.

Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided solely on legal grounds. *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56. The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry is the threshold inquiry of determining whether there is a need for trial -- whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

The Eighth Circuit Court of Appeals has cautioned that summary judgment should be invoked carefully so that no person will be improperly deprived of a trial of disputed factual issues. *Inland Oil & Transport Co. v. United States*, 600 F.2d 725 (8th Cir. 1979), *cert. denied*, 444 U.S. 991 (1979). The Eighth Circuit set out the burden of the parties in connection with a summary judgment motion in *Counts v. M.K. Ferguson Co.*, 862 F.2d 1338 (8th Cir. 1988):

> [T]he burden on the moving party for summary judgment is only to demonstrate, *i.e.*, '[to] point out to the District Court,' that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.

*Id.* at 1339. (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-274 (8th

Cir. 1988) (citations omitted)(brackets in original)).   Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment. *Anderson*, 477 U.S. at 248.

## Analysis

The Arkansas Product Liability Act provides that "[a]ll product liability actions shall be commenced within three (3) years after the date on which the death, injury, or damage complained of occurs." Ark.Code Ann. § 16–116–103 (2014).   In *Martin v. Arthur,* the Arkansas Supreme Court adopted the discovery rule for medical product liability claims, holding that the statute of limitations for such claims "does not commence running until the plaintiff knew or, by the exercise of reasonable diligence, should have discovered the causal connection between the product and the injuries suffered."   3 S.W.3d 684, 690 (Ark.1999). "[T]he full extent of the harm is not required; indeed, the manifestation of the nature of the harm ... may be slight." *Id.*

In *Uhiren v. Bristol-Myers Squibb Co., Inc.*, the Eighth Circuit stated: "[u]nder the Arkansas discovery rule, a plaintiff's harm does not have to be fully manifest in order for the limitations period to begin to run." 346 F.3d 824, 828 (8th Cir. 2003) (summary judgment based on statute of limitations affirmed).

It is undisputed that on July 6, 2018 Plaintiff saw Dr. Michael Escue complaining of "noticing mesh in her vagina from a bladder surgery" that was "causing pain in the vagina much worse with intercourse."   Plaintiff admitted that as of July, 2018, she had been feeling the mesh for a couple of months.   As of this date, Plaintiff understood that her pain complaints, along with her boyfriend's discomfort during intercourse, were caused by her Solyx mesh. Further, on September 11, 2018, Plaintiff returned to Dr. Escue complaining that she was still feeling the exposed mesh.   Dr. Escue reevaluated Plaintiff and found "exposed mesh" on vaginal exam and

referred Plaintiff to a urogynecologist. Plaintiff understood the referral to the urogynecologist was to address the complaints caused by the Solyx device. Based on these facts, Plaintiff's action filed October 18, 2021 is barred by the applicable three year statute of limitations.

Having found that Plaintiff's action is barred by the applicable statute of limitations, the Court will not address the Defendant's additional arguments. All remaining motions are denied as moot. The case is dismissed with prejudice.

IT IS SO ORDERED this 18th day of April, 2023.

_____
James M. Moody Jr.
United States District Judge